HAMLIN, Chief Justice
(dissenting):
Initially, I wish to remark that this prosecution at its inception was not conducted in the usual or common fashion; the movements of the prosecution and defense counsel were exceptional. The majority opinion disregards the fact that at the time defense counsel moved to quash the indictment found against the defendant, events peculiar to this prosecution occurred. I do not believe that they would happen again. I do not find that the defendant suffered any prejudice because of the State’s directing its proof to LSA-R.S. 14:45(2), and I do not believe that this is the type of prosecution which requires the invoking of hard and fast technical principles of law.
BILL OF EXCEPTIONS NO. 2
Bill of Exceptions No. 2 was reserved when the trial court overruled defense counsel’s motion to quash the present indictment found against the defendant.
The indictment recites:
“Robert Parrish on or about January 25, 1971 * * * did intentionally and forcibly seize and carry Vivian Ann Williams and Faye Cathy Williams, from one place to another without the consent of the said Vivian Ann Williams and Faye Cathy Williams, in violation of Article 45 of the Louisiana Criminal Code.”
The argument presented by the State and defense counsel at the time this bill was reserved recites:
“BY MR. PONDER:
“This is a Motion that we make for the State of Louisiana to elect upon which charge they seek to try the defendant upon. We first say that the indictment as returned is not a lawful indictment and is null and void in that it does not apprise the defendant of the nature and circumstances of the offense charged as required by our constitution, Section 2 of Sub-Section 7, which provided that the defendant in every criminal case shall be informed of the nature and circumstances of the charge against him. This particular charge, if the Court please, is drawn under Article 45. We expand this motion to show that under Article 45, there are three sub-divisions of the Article, which are inconsistent — the charge is Simple Kidnapping. The first is the intentional and forceful seizing and carrying of any person from one place to another without his consent. Or, two, the intentional taking, enticing or decoying away for an unlawful purpose of any child, not his own, and under the age of 14 years without the consent of its parents or the person charged with his custody, which is an entirely separate and distinct offense. And, third, the intentional taking, enticing and decoying away, without the consent of the proper authority of any person, who has been lawfully committed to an orphan, insane, feeble-minded or other similar institution. Whoever commits the crime of Simple Kidnapping and so forth shall be fined not *324 more than $2,000.00, with or without hard labor for no more than five years.[1] So, Your Honor, will see there are numerous manners in which a charge of kidnapping, Simple Kidnapping, can be urged and we say that this indictment is null and void for the reason that it does not specify which of these that this defendant is accused of being guilty of. Obviously, he can’t be guilty of all of them because they are inconsistent and contradictory.
K * # ‡
“BY MR. PONDER:
“I think the State should be required to specify which one of these sub-divisions, there are five of them, which one does— the State is relying upon.
“BY THE COURT:
“Well, it is my understanding that they are willing to state' — the only thing I want to do is see if you are willing to so stipulate, that Sub-section 4 and S are not applicable in this case because you don’t have —it is my understanding, that this is—
“BY MR. PONDER:
“No legal custodian. Certainly, I would stipulate to that Your Honor.
“BY THE COURT:
“Well, then, we are going to start arguing about the first three then.
“BY MR. PONDER:
“And I would say that three is — couldn’t be applicable. For the same purposes I would think Number Two would not be applicable.
“BY THE COURT:
“Would the State so stipulate that Three would not be applicable in this case?
“BY MR. SIMPSON:
“We will stipulate that Three doesn’t apply.
“BY THE COURT:
“All right, Three, Four and Five — the thing about it is, I don’t want us to get into an argument later as to anything else, so now we are restricted to the State having to choose between — or whether they have to choose between Sub-Section 1 and Sub-Section 2 of Article 45.
“BY MR. PONDER:
“Now, I understand the stipulation is in the record now that Sub-Section 3, 4 and 5 of La.Revised Statutes 14:45 is amended or inapplicable, which leaves 1 and 2.
“BY THE COURT:
“Right.
“BY MR. PONDER:
“And we say, if Your Honor please, that now the State is required to elect as between 1 and 2, which are inconsistent.
*325 “BY MR. DUFRECHE:
“If it please the Court, the proper way of acquiring that would be through a motion for a Bill of Particulars, which I don’t believe has been filed in this matter. And he could have very easily have obtained this information some time ago, if we were required to specify the portion of law in which he is charged. He is charged under the Act, like I said there has been no Motion for a Bill of Particulars filed.
“BY THE COURT:
“It is the contention of the State that in view of the fact that no Motion for a Bill of Particulars has been filed, the State does not have to elect?
“BY MR. SIMPSON:
“We don’t have to elect even if he filed a Motion for a Bill of Particulars, however, we are willing to elect and go on 45 :2.
“BY THE COURT:
“All right.
“BY MR. PONDER:
“Now, the State, as I understand it, has elected to proceed to try this defendant under the provisions of Section La.R.S. 45: Sub-Section 2?
“BY THE COURT:
“Correct. So, the Motion to Quash and whatever else you were arguing is overruled.
“BY MR. PONDER:
“We would also like, if Your Honor please, to reserve a formal Bill of Exception to the overruling of the Motion to Quash based on the insufficiency of notice and information of the indictment and we ask that the motion as dictated, the objection, the ruling of the Court be made a part of the same.”
Herein, counsel for the defendant contends that the defendant was indicted and charged by the use of a semi-short form which provided the name and the article of violation, but which did not inform the defendant of the nature and circumstances in order to permit him to defend himself; he argues that Art. I, Sec. 10, La.Const. of 1921, was violated, and hence defendant’s constitutional privileges and immunities were violated. Counsel submits that by examining the charge and LSA-C.Cr.P. Art. 14:45 the Court will see that there are many areas and many different ways that the charge of simple kidnapping may be committed. The failure to inform defendant of the manner and circumstances, he argues, renders the indictment null and void.
LSA-C.Cr.P. Art. 487 provides:
“A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any mis-writing, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
“Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
“ * * * ”
The trial judge in his per curiam to this bill stated: “The State used the short-form indictment which has been upheld many times. However, the State agreed to proceed under sub-section 2 of Section 45 of Title 14. Since the State did more than they had to do, the Court cannot see that the accused had any complaint whatsoever.”
I find that whether the present indictment was in the short form, LSA-C.Cr.P. Art. 465, or semi-short form, it was orally amended in Court (see proceedings supra) *326 so as to completely inform the accused and his counsel of the nature and cause of the accusation charged against the defendant. Defense counsel was informed of what the State was going to attempt to prove. Counsel did not request a bill of particulars; the proceedings supra show that his questions were propounded for the purpose of knowing how to direct his defense. The answers of the State were responsive to counsel’s questions; he acquired all information which he sought. Under such facts and circumstances, defendant, as stated supra, suffered no prejudice; I am constrained to conclude that there was no necessity for quashing the instant indictment.
At this point, I must observe that the evidence of record discloses that while the two Williams girls, approximately ten and twelve years of age, were walking with their brother, they were approached by the defendant who asked them if they wanted to work for him — “to go by his house and clean up.” Defendant opened his car door, and the girls (the brother was not invited) entered the car. The defendant took the girls to his house where they performed domestic tasks. After performing their work, Cathy was given money; she went to a neighboring store to buy sweets. During her absence, defendant took Vivian Ann into a bedroom. She testified: “He stuck his hand under my clothes and asked me do I want to go in the bed with him and I say, no. And I started screaming and he say, nobody couldn’t hear me.” At this moment, Cathy returned; defendant released the girls and drove them to a spot near their home.
The above-narrated evidence is the evidence which the jury heard; it found the defendant guilty of simple kidnapping. I have read the record thoroughly and find that it does contain some evidence of the crime charged, and the section elected to he proceeded upon.
Reiterating, the facts and circumstances connected with this bill of exceptions definitely show that the defendant suffered no prejudice, and that his counsel was fully aware of the State’s position in this prosecution immediately prior to trial and during trial. I cannot conclude as does the majority opinion that the State relied on an oral charge; it merely relied on an oral amendment, which amendment, in my opinion, is no reason for setting the present conviction and sentence aside. I conclude that the trial judge did not commit reversible error in refusing to quash the instant indictment.
Bill of Exceptions No. 2, in my opinion, is without merit.
For the reasons above stated, I respectfully dissent.

. LSA-R.S. 14:45 provides:
“Simple kidnapping is:
“(1) The intentional and forcible seizing and carrying' of any person from one place to another without his consent; or
“(2) The intentional taking, enticing or decoying away, for an unlawful purpose, of any child not his own and under the age of fourteen years, without the consent of its parent or the person charged with its custody; or
“(3) The intentional taking, enticing or decoying away, without the consent of the proper authority, of any person who has been lawfully committed to any orphan, insane, feeble-minded or other similar institution.
“(4) The intentional taking, enticing or decoying away and removing from the state, by any parent of his or her child, from the custody of any person to whom custody lias been awarded by any court of competent jurisdiction of any state, without the consent of the legal custodian, with intent to defeat the jurisdiction of the said court over the custody of the child.
“ (5) The taking, enticing or decoying away and removing from the state, by any person, other than the parent, of a child temporarily placed in his custody by any court of competent jurisdiction in the state, with intent to defeat the jurisdiction of said court over the custody of the child.
“B. Whoever commits the crime of simple kidnapping shall be fined not more than two thousand dollars or be imprisoned, with or without hard labor, nor not more than five years, or both.”